**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| **v.** | § | **No. 1:25-MJ-00457-SH** |
| | § | |
| **Steven Blake Aldrich** | § | |

## Order

Now before the Court is Defendant's Motion for Psychiatric Evaluation of Defendant, filed

April 30, 2025 (Dkt. 16).

On April 17, 2025, Defendant was charged by criminal complaint with possession of a firearm

by a felon, in violation of 18 U.S.C. § 922(g)(1). He is set for a preliminary and detention hearing

on May 9, 2025. Dkt. 15.

In his motion, which was filed neither ex parte nor under seal, Defendant moves the court for

an order directing a psychiatric evaluation, averring:

- There is reasonable cause to believe that the Defendant may be suffering from a mental illness or defect that affects their competency to stand trial; and their mental state at the time of the alleged offense.

- The evaluation is necessary to ensure due process and a fair trial.

- Defendant requests that the Court order a competency evaluation to determine if Defendant can proceed to trial.

- Defendant requests that the Court order a sanity evaluation to assess the Defendant's mental state at the time of the alleged offense.

Dkt. 16 at 1.

The nature of Defendant's motion is unclear. He cites no authority binding on this Court, but

his proposed order cites Texas state law and states that the "County Auditor of Travis County shall

pay the reasonable and necessary fees" for a mental health expert's examination and report.

Dkt. 16-1 at 2.

1

2

To the extent Defendant moves the Court to appoint an expert to conduct a mental health examination, he has retained counsel and offers no evidence that he is financially unable to obtain expert services. A court properly denies the assistance of experts at government expense when the record reflects that a defendant is financially able to provide his own experts. *United States v. Jackson*, 578 F.2d 1162, 1163 (5th Cir. 1978) (per curiam).

For these reasons, Defendant's Motion for Psychiatric Evaluation of Defendant (Dkt. 16) is **DENIED** without prejudice.

**SIGNED** on May 1, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

2